FILED
JANUARY 7, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08 C 125

JUDGE DOW
MAGISTRATE JUDGE DENLOW

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| VANESSA SANDERS, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| VS. ) | |
| ) | |
| ZURICH NORTH AMERICA, ) | CIVIL ACTION NO. |
| ) | JUDGE: |
| DEFENDANT. ) | |

## COMPLAINT

## RACE DISCRIMINATION AND OTHER RELIEF

*(TRIAL BY JURY DEMANDED)*

NOW COMES THE PLAINTIFF, VANESSA SANDERS, by her attorneys, the Law Firm of MIRABELLA, KINCAID, FREDERICK & MIRABELLA, P.C, and seeks redress for interference with rights suffered by Plaintiff in violation of the laws of the United States in her capacity as an employee of the Defendant, ZURICH NORTH AMERICA, and in support thereof states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this court is invoked and authorized pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.

### PLAINTIFF

2. PLAINTIFF, VANESSA SANDERS, (hereinafter "VANESSA") is a United States citizen, residing at 115C S. Hale Avenue, Bartlett, Illinois 60101, in the United States who was employed by DEFENDANT, ZURICH NORTH AMERICA, beginning on or about March 24, 2000 through October 6, 2006, in the city of Schaumburg, in which the unlawful employment practices alleged below were committed, in the State of Illinois, within the Northern District thereof.

## DEFENDANT

3. 1) DEFENDANT, ZURICH NORTH AMERICA, (hereinafter referred to as "ZURICH") an "employer" with more than 15 employees within the meaning of Title VII as amended, is qualified to do business and actually doing business in the State of Illinois and ZURICH'S conduct of which VANESSA'S claims are based occurred in the State of Illinois, within the Northern District thereof.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. VANESSA SANDERS filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter EEOC Charge #440-2006-08550) and the Illinois Department of Human Rights (hereinafter IDHR Charge #2007CF0697)(a copy of which is attached hereto and incorporated herein as Exhibit A). After the passage of more than 180 days, a request for the issuance of a Right To Sue Notice was timely made upon the EEOC. Both administrative agencies have had jurisdiction of the Plaintiff's claims for a period well in excess of 180 days, have been unable to negotiate a settlement and have not issued final decisions to date. On or about October 22, 2007, VANESSA SANDERS received her Right To Sue Notice, a copy of which is attached hereto and incorporated herein as Exhibit B.

## JURY TRIAL DEMANDED

5. Pursuant to Rule 38 of the Federal Rules of Civil Procedure VANESSA hereby demands a trial by jury.

## DISCRIMINATION BASED ON RACE

*(In violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000(e)-(2)(a)(1))*

6. VANESSA, a Black female, is a protected person under Title VII of the Civil Rights Act of 1964.

7. On or about March 24, 2000, VANESSA was hired by ZURICH as a Business Systems Analyst earning $30,000.

8. During VANESSA'S employment with ZURICH, she was subjected to discrimination based upon her race, which included <u>but was not limited</u> to the following incidents:

    A.    VANESSA received performance reviews from her supervisor that contained false and/or inaccurate information, information that hurt VANESSA'S advancement opportunities.

    B.    When VANESSA questioned her supervisor about the false and/or inaccurate comments on her reviews her supervisor failed to give VANESSA an explanation or edit the review.

    C.    VANESSA'S rate of pay was lower than that of her White counterparts who held the same or similar titles.

    D.    In 2005, VANESSA received a raise equivalent to 3.5 percent of her salary when ZURICH'S pay scale indicated that for someone with VANESSA'S quality of performance the appropriate raise would have been between 4 and 6 percent.

    E.    Although requested, VANESSA was denied permission to attend multiple training programs offered through ZURICH that her White counterparts were allowed to attend.

    F.    In 2004, VANESSA requested a "flexible work schedule" but was denied with the stated reason being that she had to "be in the office when equipment was delivered". However, a White counterpart who had the same above job requirement was allowed to have a "flexible work schedule".

    G.    In late 2005, VANESSA was informed by a prospective employer who had contacted ZURICH for a reference, that she should not put ZURICH as a reference as they gave her

a poor review. As a result of this incident the prospective employer did not hire VANESSA. This conduct also violated an established ZURICH policy.

      H.     VANESSA was denied a promotion that was instead given to a less qualified White employee.

8. ZURICH intended to make VANESSA'S working conditions so intolerable that she would be forced to resign.

9. Due to the continued pattern of racial discrimination she experienced at ZURICH, VANESSA provided ZURICH with a letter of resignation, on or about September 23, 2006, that was effective as of October 5, 2006.

10. VANESSA was forced to resign because the pervasive racial discrimination created intolerable working conditions.

11. ZURICH'S racially discriminatory conduct effected VANESSA'S career development opportunities, promotions, pay raises and generally effected the privileges and conditions of her employment.

12. As a direct result of ZURICH'S racial discrimination of VANESSA, VANESSA suffered damages, including but not limited to, lost wages, severe emotional distress, severe humiliation, damage to professional and personal reputation and severe stress.

WHEREFORE, your Plaintiff, VANESSA SANDERS, respectfully requests a judgment against the Defendant, ZURICH NORTH AMERICA, as follows:

      A.     Compensatory damages for back pay, front pay, bonus and interest thereon;

      B.     Compensatory damages for the severe humiliation, severe emotional stress, pain and suffering and physical distress caused as a direct and proximate result of ZURICH NORTH AMERICA'S, racial discrimination, in an amount no less than $100,000.00;

      C.     Punitive damages in an amount no less than $100,000.00;

D.  A reasonable attorney's fee;

E.  Costs; and,

F.  Such further relief as is equitable and just.

Respectfully Submitted

*Vanessa Sanders*
VANESSA SANDERS

I, VANESSA SANDERS, being first duly sworn on oath, depose and state under penalty of perjury that I am the Plaintiff in this Complaint, that I have read the foregoing; and that all of the allegations contained therein are true and correct.

*Vanessa Sanders*
VANESSA SANDERS

SUBSCRIBED and SWORN to
before me this 2nd day
of January, 2008.

*Melissa M. Formenti*
Notary Public

OFFICIAL SEAL
MELISSA M FORMENTI
NOTARY PUBLIC STATE OF ILLINOIS
MY COMMISSION EXPIRES 03/12/08

Counsel for the Plaintiff affixes his signature hereto and on information and belief is of the opinion that the foregoing is true and accurate and conforms in good faith with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

George S. Frederick
Mirabella, Kincaid, Frederick & Mirabella, P.C.
One of Plaintiff's Attorneys

Mirabella, Kincaid, Frederick & Mirabella, P.C.
Attorneys for Plaintiff
1737 S. Naperville Rd, Suite 100
Wheaton, IL 60187
(630) 665-7300
(630) 665-7609