IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VANESSA SANDERS, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) CIVIL ACTION NO. 08 CV 125 |
| v. | ) |
| | ) |
| ZURICH AMERICAN INSURANCE CO., | ) |
| | ) JUDGE ROBERT M. DOW, JR. |
| DEFENDANT. | ) |

**JOINT INITIAL STATUS REPORT**

Now comes the Plaintiff, VANESSA SANDERS, by and through her counsel, the law firm of Mirabella, Kincaid, Frederick & Mirabella, P.C., and the Defendant, ZURICH NORTH AMERICA by and through its counsel, the law firm of Sidley Austin LLP and submit the following Joint Initial Status Report.

    A.    Plaintiff's attorney of record and trial counsel is:

- George S. Frederick of Mirabella, Kincaid, Frederick & Mirabella, P.C.

Defendant's attorneys of record and trial counsel are:

- Nigel F. Telman of Sidley Austin LLP

- Ami N. Wynne of Sidley Austin LLP

    B.    Jurisdiction of this court is invoked and authorized pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(3).

    C.    Plaintiff is pursing a claim of racial discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a)(1).

D.      Defendant has waived service of summons, but currently has until March 10, 2008, to file its answer or otherwise respond to the Complaint.

E.      The principal legal issues are as follows:

i.      Whether the Plaintiff was discriminated against based upon her race by the Defendant, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a)(1).

ii.     Any affirmative defenses raised by Defendant in its Answer to be filed.

F.      The principal factual issues are as follows:

i.      Plaintiff alleges that she was discriminated against based on her race in violation of Title VII because (a) she received performance reviews that contained false and/or inaccurate information, (b) she was not given an explanation or opportunity to edit said performance reviews, (c) she was paid at a lower rate of pay than her White counterparts, (d) she received a pay increase in 2005 that was lower than she believed she should have received, (e) she was denied permission to attend multiple internal training programs, (f) she was denied a "flexible work schedule" in 2004, (g) Defendant gave her a poor employment reference to a perspective employer, and (h) she was denied a promotion that was given to a less qualified White employee.

ii.     Defendant denies that it discriminated against the Plaintiff in violation of Title VII of the Civil Rights Act of 1964, as amended, with respect to any performance reviews, compensation decisions, training opportunities, "flexible work schedule" approvals, provision (if any) of employment reference information, promotional opportunity, or other term or condition of her employment.

G. The Plaintiff has made a demand for a trial by jury.

H. No discovery has taken place to date. Anticipated discovery consists of written discovery and depositions.

    i. The parties will submit their Federal Rule of Civil Procedure 26(a)(1) Initial Disclosures on or before March 31, 2008.

    ii. Plaintiff to disclose experts under Federal Rule of Civil Procedure 26(a)(2) by May 30, 2008. Defendant to disclose experts under Federal Rule of Civil Procedure 26(a)(2) June 13, 2008.

    iii. All discovery to close by June 30, 2008.

    iv. All potentially dispositive motions should be filed by August 15, 2008.

    v. The parties request a pre-trial conference to be scheduled 45 days after the Court rules on Defendant's motion for summary judgment.

I. The case should be ready for trial 45 days after the Court holds the pre-trial conference. At this time, the trial is expected to take approximately two (2) to four (4) days.

J. The parties do not consent to proceed before a Magistrate Judge.

K. Plaintiff has made a formal settlement demand and Defendant has countered; however, the parties are approximately $8,400.00 apart.

L. Parties would agree to a settlement conference with the Court or a magistrate judge.

Respectfully submitted by:

| Attorney for the Plaintiff | Attorney for the Defendant |
| --- | --- |
| /S/ George Frederick | /S/ Ami N. Wynne |
| Mr. George Frederick | Nigel F. Telman |
| Mirabella, Kincaid, Frederick & Mirabella, P.C. | Ami N. Wynne |
| 1737 S. Naperville Road | Sidley Austin LLP |
| Suite 100 | One South Dearborn Street |
| Wheaton, IL 60187 | Chicago, IL 60603 |
| (630) 665-7300 | (312) 853-7000 |
| mkpclaw@aol.com | ntelman@sidley.com |
| | awynne@sidley.com |

## **CERTIFICATE OF SERVICE**

I, Ami N. Wynne, certify that a copy of the foregoing Joint Status Report was served via the Court's electronic filing system, on this 6th day of March, 2008, on counsel for Plaintiff:

>George S. Frederick
>mkpclaw@aol.com
>Mirabella, Kincaid, Frederick & Mirabella, P.C.
>1737 S. Naperville Rd., Suite 100
>Wheaton, IL 60187

>*/s/ Ami N. Wynne*
>Ami N. Wynne